Filed 11/25/24  P. v. Smith CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337208 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA127471) |
| v. | |
| ANTHONY JEROME SMITH, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Shelly B. Torrealba, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Anthony Jerome Smith appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] former section 1170.95 (now section 1172.6). In 1997 a jury convicted Smith of first degree special-circumstance murder, two counts of attempted premeditated murder, and other offenses. Following briefing and oral argument, the superior court denied the petition, finding Smith was ineligible for resentencing because the jury found he was the actual killer who acted with express malice.

Smith appealed, and we appointed counsel. After reviewing the record, Smith's appointed appellate counsel filed a brief that did not identify any arguable issues. After independently reviewing the record and the contentions presented by Smith in his four-page supplemental brief, we have not identified any issue either. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Shootings and Convictions*

On February 5, 1996 15-year old Eduardo Gamez was walking to high school with his two friends, Alberto Ruiz and Aldo Dominguez.[2] Smith was seen sitting on a loading dock at

---

[1]     Further statutory references are to the Penal Code.

[2]     We provide a recitation of the facts as stated in *People v. Smith* (Mar. 13, 2000, B119436) (nonpub. opn.) as background and do not rely on the facts for purposes of this appeal. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 [the factual summary from the appellate opinion "may not be used to

the corner of Exposition Boulevard and Field Avenue, bent over with his face pointing away from the three boys. As the boys passed him, Smith stood up, extended his arm, and began firing a nine-millimeter pistol. Gamez was hit and fell to the ground. Gamez's two friends ran in different directions. Smith fired at the fleeing boys. Ruiz was wounded in the arm, and Dominguez was shot twice in the upper middle back. Smith then approached Gamez, who was still lying on the ground, and shot him twice more before kicking him in the face.

After shooting the three boys, Smith got into the passenger seat of a nearby parked vehicle, and the car drove off. As the car passed Jose Paz and Ricardo Alcarez, both of whom were on a forklift, Smith leaned over the driver, pointed his gun at the two men, and appeared to pull the trigger. However, the gun was empty and did not fire. Smith was arrested four days later.

In 1997 a jury found Smith guilty of the first degree murder of Gamez with the special circumstance of lying in wait; two counts of attempted willful, deliberate, and premeditated murder of Ruiz and Dominguez with a finding of personal infliction of great bodily injury; and two counts of assault with a deadly weapon on Paz and Alcarez. The jury also found true as to all counts the personal use of a firearm. Smith was sentenced to life without parole, plus two consecutive life terms and 35 years in state prison. We affirmed. (*People v. Smith* (Mar. 13, 2000, B119436) [nonpub. opn.] (*Smith I*).)

---

determine a petitioner's eligibility at the prima facie stage"]; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113 [same].)

3

B. *The Superior Court Denies Smith's Petition for Resentencing*

On August 22, 2022 Smith filed a petition for resentencing under former section 1170.95, which, as amended effective January 1, 2022, authorized individuals convicted of felony murder or of murder, attempted murder, or voluntary manslaughter under the natural and probable consequences doctrine to petition the superior court for resentencing. In his motion, Smith set forth the facts taken from our prior opinion in *Smith I* and argued he has always "maintained that [he] was at home sleeping on the morning of the death of Gamez" and "'the prosecution's case against defendant turned on eyewitness identification evidence, as no other physical evidence connecting defendant to the crime was recovered.'" (Boldface omitted.) Smith also argued the lineup used to identify him was "impermissibly suggestive."

The superior court appointed counsel for Smith, the People filed an opposition to the petition, and Smith's appointed counsel filed a reply. On March 14, 2024 the court denied the petition without issuing an order to show cause. In a five-page order, the court found Smith was ineligible for resentencing based on the court's review of the pleadings, oral argument of counsel, the abstract of judgment, the jury instructions given at trial, the verdict forms, and the information. The court explained the "jury was not instructed on natural and probable consequence theory, felony murder or any other theory of culpability that allowed the jury to impute malice to the Petitioner based solely on Petitioner's participation in the crimes . . . . [¶] Here, the jury found Petitioner acted with actual malice in committing the murder and attempted murders. Petitioner's record of conviction

4

affirms he was the actual killer . . . .  Nor was the jury instructed on aiding and abetting."

## DISCUSSION

We appointed counsel to represent Smith on appeal from the denial of his petition for resentencing.  After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court.  Appointed counsel advised Smith that he was filing a brief stating he was unable to find any arguable issues and that Smith had a right to file a supplemental brief.  Appointed counsel also sent Smith a copy of his brief, as well as the transcripts of the record on appeal.

On September 30, 2024 we received a four-page, handwritten supplemental brief from Smith.  In his supplemental brief Smith argued:  "Although I was tried and found guilty as the shooter, I am not the shooter.  My case is a circumstantial evidence case."[3]  According to Smith, "On January 31, 1996, myself and two other guys were the victims of a drive by[] shooting.  I was never treated as a victim, but instead I was treated as a suspect.  Nine days later, the police arrest[ed] me and charge[d] me with murder on this case.  It is my belief that the police rushed to make me the suspect in this case because they couldn't make me the person who carried out the shooting that I was the victim in."  He also asserted the police failed to investigate another suspect and that a picture of the lineup shown to the witness was improper and did not result in "a positive identification."

---

[3]     Capitalization in supplemental brief omitted.

Smith further argued that his "poor choice of joining a gang got [him] into this situation . . . .  For that ignorant choice I believe and know that I was mistakenly charged, tried and convicted of this crime."  He also noted that he was 26 years old when the crime occurred and for the past 28 years had "taken self help classes . . . to become and be a better person, a person that can be trusted and counted on.  A person that makes good choices in life that will produce positive outcomes."  Finally, Smith explained he is married, had raised two successful children while incarcerated, mentors youth, and works "hard on helping others."

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule.  (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  Section 189 requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill aided or assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and "acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)).  (*People v. Curiel*

(2023) 15 Cal.5th 433, 448; see *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708; *Gentile*, at pp. 842-843.)

Under section 1172.6, subdivision (a), a defendant convicted of murder may file a resentencing petition when all of the following conditions apply:  (1) the charging document filed against the petitioner allowed the prosecution to proceed under a theory of felony murder or another theory of imputed malice; (2) the petitioner was convicted of murder, attempted murder, or manslaughter following a trial or plea proceeding at which the petitioner could have been convicted of murder or attempted murder; and (3) the "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

To the extent Smith argues he was the victim of the shooting (not the shooter) and that the picture shown to the witness at the lineup was improper, section 1172.6 does not allow a defendant to raise new arguments that are not based on changes made by Senate Bill 1437.  (*People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"]; see *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"].)   Similarly, Smith's regret in having joined a gang and his attempt to turn his life around while in prison are not relevant to whether relief should be granted under section 1172.6 because they do not show Smith "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill 1437. (§ 1172.6, subd. (a)(3).)  Moreover, the jury was not instructed on

the felony murder rule, the natural and probable consequences doctrine, or any other theory of aiding and abetting liability.

Because no cognizable legal issues have been raised by Smith's appellate counsel or by Smith, or identified in our independent review of the record, the order denying his petition for resentencing is affirmed.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order denying Smith's petition for resentencing is affirmed.

FEUER, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

8